IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 17-CV-0697-MSK-KMT

LEROY BUHL,

    Plaintiff,

v.

JOHN FOX, Warden, and
MS. COLLINS, Administrator of Health Services,

    Defendants.

## OPINION AND ORDER ON MOTIONS

**THIS MATTER** comes before the Court on the Defendants' Motion to Dismiss and for Partial Summary Judgment (**# 46**), the Plaintiff's response (**# 54**), and the Defendants' reply (**#60**); the Plaintiff's Motion for a Preliminary Injunction (**# 33**); the Plaintiff's Motions for Declaratory Judgment (**## 38**, **42**); the Plaintiff's Motions for Default Judgment (**## 39**, **44**); the Plaintiff's Motions for an Evidentiary Hearing (**## 43**, **52**); the Plaintiff's Motion to Strike the Defendants' Motion to Dismiss (**# 53**); the Plaintiff's Motion to Relax the Rules of Civil Procedure (**# 65**); the Plaintiff's Motion to Expand the Record to Include Attachments (**# 66**); and the Plaintiff's Motion to Reconsider (**# 68**). For the following reasons, the Motion to Dismiss is granted, in part, and the Plaintiff's motions are denied.

### I.    JURISDICTION AND ISSUES

Mr. Buhl initially brought six causes of action, but after screening conducted pursuant to 28 U.S.C. § 1915 (**# 13**), four claims were dismissed and only two 8th Amendment claims remain. As enumerated in the Complaint, Claim 2 alleges that Ms. Collins and Warden Fox

1

were deliberately indifferent to Mr. Buhl's medical condition, in particular his need for particular footwear, in violation of the Eighth Amendment. Claim 5 alleges that Warden Fox was deliberately indifferent as to the effect of pepper spray on Mr. Buhl in violation of the Eighth Amendment. In addressing the various motions, the Court exercises jurisdiction under 28 U.S.C. § 1331.

## II. BACKGROUND[1]

The Complaint alleges that Plaintiff Leroy Buhl is a prisoner incarcerated at the United States Administrative Maximum facility (ADX). Clinical directors of the ADX medical facility have prescribed and provided Mr. Buhl with a special type of lace-up shoe that the toes of his right foot from curling under the arch of the foot. But, since May 2016, Defendant Warden John Fox (Warden Fox) has authorized Defendant Collins ( Ms. Collins) to deny the shoe to Mr. Buhl.

The Complaint also alleges that Warden Fox routinely authorizes use of pepper spray on unruly and combative inmates who refuse to comply with staff orders. In the past, prisoners with cardiovascular medical conditions would be removed from the spray area to avoid medical effects on their conditions, but recently Warden Fox stopped doing so. Mr. Buhl is hypersensitive to the pepper spray. It causes his trachea to swell shut, leaving him choking and gasping for air until he goes unconscious. His throat remains swollen for weeks afterward. Mr. Buhl has asked Warden Fox to remove him from any spray areas prior to its use, but Warden Fox has denied this request. Instead, Warden Fox advised Mr. Buhl to notify health services if he is exposed to pepper spray. Since then, Mr. Buhl has suffered two choking bouts that resulted in

---

[1] The Court recounts and accepts as true the well-pled facts alleged in the Complaint (**# 7**). *See Dudnikov v. Chalk & Vermilion Fine Arts Inc*., 514 F.3d 1063, 1069–70 (10th Cir. 2008). Because Mr. Buhl represents himself, the Court liberally interprets his pleadings. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972). In addition, where Mr. Buhl's briefing appears to state facts within his own knowledge, the Court treats them as if they were submitted by sworn affidavit.

fainting.

## III. MOTIONS TO DISMISS

With regard to Claim 2, the Defendants invoke qualified immunity as to any individual liability and seek dismissal claims for failure to allege facts sufficient to state a constitutional violation. Because one of the two prongs of the qualified immunity analysis requires consideration of whether Mr. Buhl has sufficiently pled a constitution violation, the Court will begin with consideration of the adequacy of the Complaint's allegations.

With regard to Claim 5, Warden Fox seeks to dismiss Claim 5 under the the Prison Litigation Reform Act's (PLRA) due to Mr. Buhl's failure to exhaust administrative remedies prior to bringing suit. Because this contention is actually assertion of an affirmative defense, the Court applies the Rule 56 framework.

a. **Legal Standards**

**Rule 12(b)(6)**

A claim is subject to dismissal if it fails to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To make such an assessment, the Court first discards those averments in the Complaint that are merely legal conclusions or threadbare recitals of the elements of a cause of action supported by mere conclusory statements. The Court then takes the remaining, well-pleaded factual contentions, treats them as true, and ascertains whether those facts (coupled, of course, with the law establishing the requisite elements of the claim) support a "plausible" as compared to a "conceivable" claim. *See: Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

**Rule 56**

Rule 56 facilitates the entry of a summary judgment when no trial is necessary. *See*

*White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is appropriate if there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof, and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(c)(1)(A). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus. Inc. v. Arvin Indus. Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required.

**B. Claim 2 — Orthopedic Footwear**

It is well established that a prison official's conduct violates an inmate's Eighth Amendment rights if the official is deliberately indifferent to the inmate's serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim for such Eighth Amendment

violation, an inmate must allege facts that show facts that would establish both that the prison official was both objectively and subjectively indifferent to his medical need. Objective indifference requires an allegation of a "sufficiently serious" medical need. *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001). Subjective indifference requires an allegation that the prison official acted with a culpable state of mind - that is, with knowing or conscious disregard or reckless disregard of the inmate's medical need. *Self*, 439 F.3d at 1230–31. An inmate may demonstrate a prison official's culpable state of mind by presenting evidence that the prison official knew of the inmate's serious medical condition (or such condition was obvious) but nevertheless the official delayed or denied treatment, referral, or examination. Because a prison official can only be held individually liable for his or her own action or inaction, to state an Eighth Amendment claim for deliberate indifference, a complaint must identify each named Defendant's participation in the alleged conduct. *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013).

The Defendants argue that Claim 2 of the Complaint does not contain allegations sufficient to state an Eighth Amendment claim against either Warden Fox and Ms. Collins as to Claim 2. The Complaint contains only two allegations with regard to Warden Fox and Ms. Collins.

> • "Since May 2016, under the guise of cost cutting, defendant Fox authorizes defendant Collins to deny me requisite care/treatment, despite their own Clinical Director/Medical Doctor's unambiguous prescribed issuance of orthopedic footwear." Doc. 7 at 7, ¶ 1.
>
> • "Yet Fox & Collins, without a scintilla of medical expertise, arbitrarily decided that I need only bedroom slipper type shoes to enable me to ambulate without further injury." *Id.*

The Defendants argue that these allegations fail to show personal participation by each of the Defendants and, as to Ms. Collins, also fail to sufficiently allege subjective indifference.

5

Reading the Complaint most favorably to Mr. Buhl, the Court understands the allegation to be that he made a request to Ms. Collins for a prescribed orthopedic shoe, that she denied the request, and that such denial was authorized by Warden Fox. As to Ms. Collins, taking the facts alleged as true, it is sufficient to establish personal participation – she received a request for medical treatment in the form of a shoe and she denied it. But, the allegation does not allege facts that plausibly show that 1) Ms. Collins knew of Mr. Buhl's medical condition and that it required the requested shoe; or that 2) in the face of such knowledge, Ms. Collins nevertheless purposely or recklessly refused his request. [2] Accordingly, Mr. Buhl has failed to state a legally sufficient Eighth Amendment indifference claim against Ms. Collins. As to her, Claim 2 is dismissed.

However as to Warden Fox, because he is Ms. Collins supervisor the law applies differently. Government officials may not be held liable for the constitutional violations committed by their subordinates under a theory of *respondeat superior*. To show personal participation by a supervisor, a complaint must allege facts that show that: (1) the supervisor promulgated, created, implemented, or possessed responsibility for the continued operation of a policy; (2) the policy caused the constitutional violation; and (3) the defendant acted with the requisite culpable state of mind. *Id*. at 1225. Put differently, a plaintiff must allege facts that show that the defendant "set in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive the plaintiff of [his] constitutional rights." *Poolaw v. Marcantel*, 565 F.3d 721, 732–33 (10th Cir. 2009).

---

[2] The closest Mr. Buhl gets to addressing Ms. Collins' state of mind is in what appears to be a surreply (**# 66**), wherein it appears Ms. Collins received a note from the Clinical Director on September 6, 2016. In the note, the clinical director states that orthopedic footwear is requested only after the available items from the commissary have been utilized. If anything, this note would suggest that a decision to deny Mr. Buhl's request had nothing to do with his need, but instead with the fact that the request was conditional and that Mr. Buhl's needs could be addressed by other means.

The Complaint contains no allegations that Warden Fox promulgated or continued any policy or set in motion any series of events that he knew would cause Ms. Collins to deprive Mr. Buhl of his orthopedic shoe. Stating that Warden Fox "authorized" Ms. Collins is insufficient. This is because "authorizing" is conclusory and vague – it could refer to conduct that is not culpable. For example, Warden Fox could have generally "authorized" Ms. Collins to make decisions with regard to his and other inmate's medical treatment. Such broad "authorization" does not show that Warden Fox promulgated or continued a policy that denied Mr. Buhl his prescribed shoe or that he set in motion a series of events that he knew or reasonably should have known would result in Mr. Buhl not getting his prescribed shoe. Accordingly, Mr. Buhl has failed to state a claim against Warden Fox, and Claim 2 is also dismissed as to him.

**C.     Claim 5 — Pepper Spray**

Claim 5 alleges that Warden Fox was deliberately indifferent to Mr. Buhl's health conditions when he refused to remove him from areas prior to application of pepper spray. Warden Fox contends that this claim must be dismissed because Mr. Buhl failed to exhaust his administrative remedies – either by failing to lodge any grievance or by lodging grievances that were too vague to allow prison officials a fair opportunity to resolve the matters. Mr. Buhl contends that the filing of grievances is a futile exercise at ADX because he is denied access to grievance forms.

A failure to exhaust administrative remedies is an affirmative defense on which Warden Fox has the burden of proof. *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007). Because this affirmative defense essentially requires an evidentiary determination, it is addressed under Fed. R. Civ. P. 56. If there is a genuine dispute as to a material fact, the issue must be resolved based on evidence presented at a hearing or at trial.

The PLRA specifically requires prisoners to exhaust administrative remedies for claims brought under federal law with respect to prison conditions. 42 U.S.C. § 1997e(a). It is well established that exhaustion is mandatory prior to bringing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007). The PLRA requires "proper exhaustion", which means the plaintiff must utilize all administrative remedies provided and must comply with the deadlines and other procedural rules prior to filing a lawsuit relating to the conditions of confinement. *Woodford v. Ngo*, 548 U.S. 81, 85, 90–91 (2006)). The PLRA imposes no specific procedural rules on the grievance process; rather, it is the prison's own grievance procedures that set forth what the prisoner must do in order to exhaust his or her administrative remedies. *Jones*, 549 U.S. at 218. A prisoner need not identify every wrongdoer by name in his initial grievance, but he must provide enough information for prison officials to have a fair opportunity to investigate and resolve the complaint. *Kikumura v. Osagie*, 461 F.3d 1269, 1284 (10th Cir. 2008), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

The BOP provides a four-tiered Administrative Remedy Program for inmate grievances. The first step requires a prisoner to present an issue of concern informally to prison staff. 28 C.F.R. § 542.13(a). The prisoner has 20 days from the date of the incident to complete the informal resolution and file a formal Administrative Remedy Request, known as a BP-9.[3] 28 C.F.R. § 542.14(a). The warden must respond within 20 days. If dissatisfied with the warden's response, the prisoner may appeal to the Regional Director by filing a Regional Office Administrative Remedy Appeal, also known as a BP-10 request, within 20 days. 28 C.F.R. § 542.15(a). The Regional Director must respond to the BP-10 within 30 days. 28 C.F.R.

---

[3] Section 542.14 states that an inmate must provide "all requested identifying information" and "state the complaint in the space provided on the [grievance] form." However, the inmate is allowed to provide additional information on an additional letter-size "continuation page" and made also submit "one copy of supporting exhibits." *See* 28 C.F.R. § 542.14(c)(3).

8

§ 542.18. Finally, if the prisoner is dissatisfied with the Regional Director's response, he may appeal to the Director of National Inmate Appeals by filing a Central Office Administrative Remedy Appeal, known as a BP-11, within 30 days. 28 C.F.R. § 542.15(a). The Central Office Administrative Appeal must respond within 40 days. 28 C.F.R. § 542.18. A prisoner has not exhausted his administrative remedies until he has properly and timely sought review at all three formal levels. 28 C.F.R. § 542.15(b)(2).

According to the evidence submitted by Warden Fox, Mr. Buhl filed 63 administrative grievances between May 1, 2016, and May 25, 2017. In the descriptions for each grievance, there no reference to the use of pepper spray. *See* # 46-1 at 13–16. It appears that Mr. Buhl sent a kite about his negative reactions to pepper spray, but there is no evidence he pursued further administrative review. *See* # 66 at 12.

Mr. Buhl responds that grievances are futile at ADX because he asked for and was denied a grievance form. It is true that if prison officials frustrate or prevent resort to the administrative process, then proof of exhaustion is no longer required. *See Little v. Jones,* 607 F.3d 1245, 1250 (10th Cir. 2010). The record of Mr. Buhl's grievances demonstrates that there is a viable administrative process and that he is capable of pursuing the grievance procedure. *See Allen v. Schmutzler*, No. 07-CV-1224, 2010 WL 618489 at *7 (D. Colo. Feb. 18, 2010). The question then becomes whether he was incapable of pursuing a grievance with regard to pepper spray because prison officials denied him a grievance form when he asked for it. Even taking this statement as true, it is insufficient to excuse Mr. Buhl's compliance with the exhaustion requirement because it refers to a single instance. The Complaint states that he has been exposed to pepper spray on at least two occasions which triggered at least two opportunities to submit a grievance. Mr. Buhl's assertion that he was denied a grievance form on one occasion,

does not excuse his failure to submit one as to any other. Because Mr. Buhl failed to submit grievances for at least one occasion on which he was exposed to pepper spray, he has failed to show that he exhausted his remedies as to Claim 5. Accordingly, Claim 5 is dismissed.

## IV. MOTION FOR RECONSIDERATION

Mr. Buhl asks the Court (# 68) to reconsider the Court's Order (# 13) dismissing Claims 1, 3, 4, and 6. Mr. Buhl argues that, when it made its decision, the Court did not have the benefit of certain facts that he details in the motion.

Motions for reconsideration are governed by Federal Rule of Civil Procedure 60. Rule 60(b) permits the Court to reconsider an order due to, among other things, a substantive mistake or law or fact by the Court, newly discovered evidence that, with reasonable diligence, could not have been discovered earlier, or as a result of any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b)(1)–(2), (6); *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999). Reconsideration under Rule 60(b) is extraordinary, and may only be granted in exceptional circumstances. *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1153 (10th Cir. 2007). Reconsideration is not a tool to rehash previously-presented arguments already considered and rejected by the Court, nor is it properly used to present new arguments based upon law or facts that existed at the time of the original argument. *FDIC v. United Pac. Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998); *Van Skiver v. United States*, 952 F.2d 1241, 1243–44 (10th Cir. 1991).

Mr. Buhl argues that, at the time the Court dismissed Claims 1, 3, 4, and 6, it did not have the benefit of considering attachments addressing his exhaustion of administrative remedies and the fact that the Defendants refuse to provide him hearing aids. The Court's decision, however, was not based on Mr. Buhl's failure to allege sufficient facts. It was based on Claims 1, 3, 4, and 6 being unrelated to any imminent danger of serious physical harm, which Mr. Buhl was

required to allege to overcome the PLRA's three-strikes requirement. *See* 28 U.S.C. § 1915(g). He does not argue that the PLRA was incorrectly applied. Thus, Mr. Buhl has not articulated any valid basis to reconsider the Court's decision. This motion is denied.

## V. REMAINING MOTIONS

Mr. Buhl has also filed a number of other motions. The Court will address them in order:

- Motion for Preliminary Injunction (**# 33**) ordering the Defendants to provide him with specific orthopedic footwear. Having dismissed Mr. Buhl's claims, this motion is denied, as moot.

- Motions for Declaratory Judgment (**## 38**, **42**) seeking immediate declaratory relief on his claims. This motion is also denied, as moot.

- Motions for Default Judgment (**## 39**, **44**) seeking default judgment because the Defendants had not yet responded to the Complaint. The Defendants were given additional time to respond by the Court and now they have responded. These motions are denied, as moot.

- Motions for an Evidentiary Hearing (**## 43**, **52**) on the merits of his claims. Because the only evidentiary hearing on the merits of his claims is a trial, these motions are also denied, as moot.

- Motion to Strike the Defendants' Motion to Dismiss (**# 53**). Mr. Buhl articulates no outstanding reason warranting the strike of the Defendants' motion. No good cause having been shown, this motion is denied.

- Motion to Relax the Rules of Civil Procedure (**# 65**) seeking leniency on his compliance with rules as a pro se litigant. The Court already construes pro se filings

liberally, affording them more deference than those filed by lawyers. This motion is denied.

- Motion to Expand the Record to Include Attachments (**# 66**) seeking to introduce more evidence than is contained in the Complaint. The Court treats this motion as a surreply to the Defendants' Motion to Dismiss. Because the Court considered this filing in rendering its decision, the motion is granted.

## VI. CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss (**# 46**) is **GRANTED**. Claim 2 is **DISMISSED**. Having granted Mr. Buhl's Motion to Expand the Record to include Attachments, it does not appear that any amendment to this Claim will address its deficiencies. Thus no further leave to amend is granted. Claim 5 is also **DISMISSED**. Additionally, the Plaintiff's Motion for a Preliminary Injunction (**# 33**), Motions for Declaratory Judgment (**## 38**, **42**), Motions for Default Judgment (**## 39**, **44**), Motions for an Evidentiary Hearing (**## 43**, **52**), Motion to Strike the Defendants' Motion to Dismiss (**# 53**), Motion to Relax the Rules of Civil Procedure (**# 65**), Motion to Expand the Record to Include Attachments (**# 66**), and Motion to Reconsider (**# 68**) are all **DENIED**. The Clerk shall close this case.

Dated this 16th day of July, 2018.

**BY THE COURT:**

_Marcia S. Krieger_

Marcia S. Krieger
Chief United States District Judge